IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>STEPHEN A. WYNN,<br><br>    Defendant. | Civil Action No. 1:22-cv-1372-JEB |

## JOINT RULE 26(f) REPORT

Pursuant to Local Rule 16.3(c) and this Court's Order dated July 8, 2022, undersigned counsel conferred via telephone on September 6, 2022 and hereby submit their joint written report in this case.

### I. Statement of the Case

***Plaintiff***: This action seeking injunctive relief arises from Defendant Stephen A. Wynn's failure to fulfill his obligation to register as an agent for foreign principals Sun Lijun, the former Vice Minister for Public Security in the People's Republic of China ("PRC"), and the PRC itself. At the request of Sun, and on behalf of the PRC, Defendant had multiple discussions with former President Donald J. Trump and his Administration in which he advocated for the return of a PRC national who had sought political asylum in the United States. Despite being informed of his registration obligation on multiple occasions, Defendant has refused to register.

***Defendant***: In 2017, Stephen A. Wynn transmitted a diplomatic offer from the PRC to then-President Trump and his Administration. The PRC did not hire, pay, threaten, coerce, or otherwise control or direct Wynn. Wynn was fully transparent in his dealings with the Trump Administration, and acted in the interests of the United States at all times. The Trump

Administration independently evaluated and decided to reject the Chinese offer, concluding the relevant discussions in 2017. The government does not allege that Wynn has acted as an agent of a foreign principal since these 2017 events, and seeks registration only on a retroactive basis. Before the government filed this lawsuit, Wynn had an extensive dialogue with the Department of Justice in which he respectfully disagreed with the government's interpretation of FARA and declined to register.

## II.     Local Rule 16.3 Positions

The following constitutes the parties' positions with respect to each item set forth in Local Rule 16.3.

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Defendant has filed a Motion to Dismiss, *see* ECF No. 11, which Plaintiff opposes, *see* ECF No. 14. Should that motion be denied, the parties agree that this case is capable of being disposed of by cross-motions for summary judgment. The Court has entered an Order staying discovery pending resolution of Defendant's Motion to Dismiss, with the exception of the parties' obligations under Federal Rule of Civil Procedure 26(f) and to exchange initial disclosures pursuant to Rule 26(a). *See* 7/8/22 Minute Order.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

*Plaintiff's position*: Plaintiff believes that the deadline for joinder and amendment of pleadings be fourteen (14) days following the Court's ruling on the Motion to Dismiss. Plaintiff believes that, although it may be possible for the parties to agree upon factual issues at a later stage in this case, it is not in a position to stipulate to any facts in advance of taking discovery.

*Defendant's position*: Defendant opposes any leave to amend the Complaint or joinder because Plaintiff has already had ample opportunity to plead its allegations. Defendant expects that many factual issues could be resolved by stipulation and that such a stipulation could avoid the need for extensive discovery into, among other things, executive branch records and communications, and potentially classified materials.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to the assignment of this case to a magistrate judge for all purposes.

4. **Whether there is a realistic possibility of settling this case.**

The parties believe that settlement is unlikely.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties agree that ADR would not be beneficial in this case.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motion.**

Defendant has filed a Motion to Dismiss, *see* ECF No. 11, which Plaintiff opposes, *see* ECF No. 14. Should that motion be denied, the parties agree that this case is capable of being disposed of by cross-motions for summary judgment. The parties disagree on the most efficient, streamlined, and equitable briefing schedule for such cross-motions. Their proposed schedules are as follows:

*Plaintiff's proposed briefing schedule*:

Plaintiff proposes a staggered briefing schedule on any cross-motions for summary judgment to minimize the number of briefs submitted to the Court and to best allow the parties the opportunity to respond to each other. Plaintiff's proposed schedule is as follows:

- Defendant's motion for summary judgment shall be due six (6) weeks after the close of discovery;

- Plaintiff's opposition/cross-motion to Defendant's motion for summary judgment shall be due four (4) weeks after Defendant files his motion;

- Defendant's opposition to Plaintiff's motion/reply shall be due two (2) weeks after Plaintiff files its opposition/cross-motion;

- Plaintiff's reply shall be due two (2) weeks after Defendant files his opposition/reply.

*Defendant's proposed briefing schedule*:

Wynn's proposed schedule would maintain the same number of briefs and reduce the number of briefing rounds contemplated by the government's schedule. If the Court prefers staggered briefing, then the government should file its motion first because it bears the burden of proof.

- Motions for summary judgment shall be due six (6) weeks after the close of discovery;

- Oppositions to motions for summary judgment shall be due four (4) weeks after the motion is filed;

- Replies shall be due two (2) weeks after the opposition is filed.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Pursuant to agreement of the parties, the Court has ordered that the parties exchange initial disclosures by September 27, 2022. *See* 7/8/22 Minute Order. The parties agree that no

4

changes to the requirements of Federal Rule of Civil Procedure 26(a)(1) are warranted in this case.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and deposition.**

*Plaintiff's position*:  Plaintiff anticipates utilizing all forms of discovery available to it under the Federal Rules of Civil Procedure and does not seek any limitations on discovery beyond those imposed by the Rules.  Plaintiff proposes that the deadline to complete discovery be ten (10) months after the Court rules on Defendant's Motion to Dismiss.  Plaintiff has identified a need for a protective order in this case and anticipates filing a motion in advance of the deadline for exchanging initial disclosures requesting that the Court enter such an order.

Plaintiff is willing to engage with counsel for Defendant to discuss what factual stipulations can be made in this case.  Plaintiff is not aware of any classified information that would be discoverable in this case.  In the event Plaintiff becomes aware of classified information that is responsive to a discovery request, Plaintiff will take appropriate steps at that time to protect such information.  Although, as stated above, Plaintiff is unaware of any classified information relevant to the resolution of this case, Plaintiff nevertheless disagrees with Defendant's assertion that counsel for Defendant has a need to know in a civil case warranting access to classified information.

*Defendant's position***:**  Defendant expects that many factual issues could be resolved by stipulation and that such a stipulation could avoid the need for extensive discovery into, among other things, executive branch records and communications, and classified materials.  In the absence of such a stipulation, Defendant agrees with Plaintiff's proposal that a deadline be set ten months after the ruling on the Motion to Dismiss.  In the event that Plaintiff or any other

agency of the U.S. government requires Defendant's counsel to undergo additional security clearance screening in order to receive or review discovery, Defendant proposes that his discovery deadline be tolled.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties have conferred about production specifications for electronically stored information and have agreed to produce such information in native format where possible. All scanned paper, email, and native file collections will be converted to TIFF files and will include fully searchable text.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties have agreed to a procedure to assert privilege and/or protection as trial-preparation materials and will jointly submit a proposed order to the Court under Federal Rule of Evidence 502. The parties have agreed that any party that withholds information or documents that are otherwise discoverable by asserting that the information or documents are privileged or otherwise protected will provide a privilege and/or protection log pursuant to Fed. R. Civ. P. 26(b)(5).

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The parties agree that expert disclosures must be made at least sixty (60) days prior to the close of discovery and that rebuttal expert disclosures must be made at least thirty (30) days prior to the close of discovery.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for**

**filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe bifurcation is necessary in this case.

**14. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that a pretrial conference be scheduled for sixty (60) days following the Court's ruling on the parties' cross-motions for summary judgment, assuming such a motion does not dispose of the case entirely.

**15. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should set a trial date at the pretrial conference.

**16. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties are not aware of any other issues that should be raised with the Court at this time.

Respectfully submitted,

Dated:  September 27, 2022

/s/_____
Nathan Michael Swinton (NY Bar)
Emma Dinan Ellenrieder (D.C. Bar No. 1015108)
U.S. DEPARTMENT OF JUSTICE
National Security Division
Counterintelligence and Export Control Section
950 Pennsylvania Avenue NW

Room 7700D
Washington, DC 20530
Telephone: (202) 353-0267
Telephone: (202) 514-0203
Nathan.Swinton@usdoj.gov
Emma.Ellenrieder@usdoj.gov

*Counsel for Plaintiff*

/s/
Reid H. Weingarten (D.C. Bar No. 365893)
Brian M. Heberlig (D.C. Bar No. 455381)
Nicholas Silverman (D.C. Bar No. 1014377)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
rweingarten@steptoe.com
bheberlig@steptoe.com
nsilverman@steptoe.com

/s/
Robert D. Luskin (D.C. Bar No. 293621)
Leo Tsao (D.C. Bar No. 474144)
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, DC  20036
Tel: (202) 551-1700
Fax: (202) 551-0410
robertluskin@paulhastings.com
leotsao@paulhastings.com

*Counsel for Defendant*